UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>EDWARD F. AMENDOLA, SR.,<br><br>Debtor. | Chapter 13<br>Case No. 12-17293-JNF |

## MOTION BY PEOPLES FEDERAL SAVINGS BANK TO APPROVE STIPULATION BETWEEN EDWARD F. AMENDOLA, SR. AND PEOPLES FEDERAL SAVINGS BANK

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

NOW COMES Peoples Federal Savings Bank successor-by-merger to Brookline Co-operative Bank (the "Bank"), a secured creditor of Edward F. Amendola, Sr. (the "Debtor"; together with the Bank, the "Parties"), and hereby moves (the "Motion") this Court pursuant to Fed. R. Bankr. P. 9019 and MLBR 9019-1 for entry of an Order approving the stipulation (the "Stipulation") entered into between the Debtor and the Bank regarding the Debtor's payment of the post-petition arrearages owing to the Bank. A copy of the Stipulation is attached hereto as **Exhibit A**.

In support of this Motion, the Bank states as follows:

### FACTUAL BACKGROUND

1. The Debtor and his non-debtor spouse, Jennifer Amendola ("Mrs. Amendola"; together with the Debtor, the "Borrowers"), are obligated to the Bank pursuant to the following documents:

    a. Adjustable Rate Note dated April 22, 2004 in the original principal amount of $260,000.00 (the "First Note");

{Practice Areas/CORP/22503/00004/A2182342.DOC}

    b.    Mortgage dated April 22, 2004 encumbering the property located at 208 Turtle Pond Parkway, Hyde Park, Massachusetts 02136 (the "Property") to secure payment of the First Note and registered with the Suffolk Registry District of the Land Court as Document No. 679727 (the "First Mortgage");

    c.    Note dated August 9, 2005 in the original principal amount of $25,000.00 (the "Second Note"); and

    d.    Mortgage dated August 9, 2005 encumbering the Property to secure payment of the Second Note and registered with the Suffolk Registry District of the Land Court as Document No. 706122 (the "Second Mortgage").

The foregoing documents, and any documents executed or delivered in connection therewith, are herein collectively referred to as the "Loan Documents." The Bank is the holder of the Loan Documents.

2.    On September 4, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3.    On October 9, 2012, the Debtor filed his Chapter 13 Plan (the "Plan"). The Plan provides, among other things, that the Debtor will pay directly to the Bank all post-petition monthly installment payments required by the Loan Documents.[1]

---

[1] On November 14, 2012, the Bank filed an objection to the Plan [Docket No. 21] (the "Objection"), asserting a greater amount of pre-petition arrears owing to the Bank under the Loan Documents than those provided for in the Plan. On November 26, 2012, the Debtor filed a response to the Objection [Docket No. 22]. The Court has scheduled a hearing on the Objection for January 17, 2013.

4. As of December 12, 2012, the Debtor had failed to make any payments toward the regularly-accruing, post-petition monthly installments required under the Loan Documents, including amounts due as of October 1, 2012, November 1, 2012 and December 1, 2012.

5. On December 12, 2012, counsel to the Bank contacted the Debtor's counsel in order to: (i) inform the Debtor that the Bank intended to file a motion for relief from the automatic stay to exercise the Bank's rights and remedies with respect to the Property and (ii) schedule the mandatory pre-filing conference pursuant to MLBR Appendix 1, Rule 13-16-1(a).

6. On December 14, 2012, counsel to the Parties conferred (the "Pre-Filing Conference") pursuant to MLBR Appendix 1, Rule 13-16-1(a) by telephone at 3:00 p.m. in order to discuss the Debtor's outstanding post-petition monthly installment payments. Prior to the Pre-Filing Conference, the Debtor made payments toward the post-petition arrears on the First Mortgage and the Second Mortgage in the amounts of $1,708.15 and $280.70, respectively, which the Bank applied to the outstanding amounts due October 1, 2012.

7. Subsequent to the Pre-Filing Conference, the Parties negotiated regarding the terms of the Stipulation and, upon reaching consensus regarding the payment plan described therein, executed the Stipulation.

## SUMMARY OF STIPULATION

8. The Stipulation provides, among other things, the following:

a. The Debtor acknowledges that the Debtor is in default of the Debtor's obligations under the Loan Documents;

      b.    The Debtor agrees to cure the post-petition arrearages owing to the Bank under the Loan Documents in accordance with the payment plan described in paragraph 2(a)-(c) therein;

      c.    The Debtor agrees to pay the Bank $500.00 in attorneys' fees on or before Tuesday, January 22, 2013, representing a portion of the legal fees and costs incurred by the Bank caused by the Debtor's post-petition defaults;

      d.    In exchange for the Debtor's compliance with the Stipulation, the Bank agrees to refrain from filing a motion for relief from the automatic stay for a period through and including Tuesday, January 22, 2013;

      e.    **THE DEBTOR AGREES THAT UPON A DEFAULT BY THE DEBTOR UNDER THE STIPULATION, THE BANK SHALL BE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR "CAUSE" UNDER 11 U.S.C. § 362(d)(1) UPON THE BANK'S FILING OF A MOTION FOR RELIEF WITH THIS COURT**; and

      f.    The Parties agree that the execution of the Stipulation is without prejudice to the Bank's right to file a motion for relief from the automatic stay, together with an affidavit of noncompliance with the Stipulation, or otherwise exercise the Bank's rights and remedies under the Loan Documents.

### REASONABLENESS OF THE STIPULATION

9.    The Bank respectfully requests that this Court enter an Order approving the Stipulation as it is in the best interest of the Debtor, the Bank and the Debtor's bankruptcy estate.

10.    In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d

183, 185 (1st Cir. 1995) (quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted)).

11. The Parties have determined that the Stipulation is an appropriate resolution of the Debtor's default of the Debtor's obligation to timely pay all post-petition monthly installment payments when due under the Loan Documents and as invoiced by the Bank.

12. The Bank submits that the Stipulation is in the best interest of the Parties because it permits the Debtor to catch up on his past-due post-petition monthly mortgage payments in a reasonable amount of time, and for the Bank to receive payment. Absent such agreement, the Bank would seek immediate relief from the automatic stay to pursue its rights and remedies against the Property.

13. The Bank believes that litigation regarding the Property, including the filing of a motion for relief from the automatic stay, would cause all Parties to incur significant expenses, which will benefit none of the Parties. On the other hand, the Bank believes that the Debtor's compliance with the Stipulation will provide benefits to all of the Parties.

WHEREFORE, the Bank respectfully requests that this Court enter an Order:

a. Approving the Stipulation; and

  b.  Granting the Bank such other and further relief as is just.

                Respectfully submitted,

                PEOPLES FEDERAL SAVINGS BANK

                By its counsel,

                /s/ Kate P. Foley
                Christine E. Devine, BBO #566990
                Kate P. Foley, BBO #682548
                Mirick, O'Connell, DeMallie & Lougee, LLP
                1800 West Park Drive, Suite 400
                Westborough, MA  01581
                Phone: (508) 898-1501
                Fax: (508) 898-1502
                Email: cdevine@mirickoconnell.com
                   kfoley@mirickoconnell.com

                - and -

                Joshua M. Fox, BBO #636237
                Rollins, Rollins & Fox
                36 Glen Avenue
                Newton Center, MA 02459
                Phone: (617) 969.7555
                Fax: (781) 489.1039
Dated: January 7, 2013         Email: jfox@rrf-law.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

In re:

EDWARD F. AMENDOLA, SR.,

Debtor.

Chapter 13
Case No. 12-17293-JNF

ORDER APPROVING MOTION BY PEOPLES FEDERAL SAVINGS BANK
TO APPROVE STIPULATION BETWEEN EDWARD F. AMENDOLA, SR.
AND PEOPLES FEDERAL SAVINGS BANK

Upon the Motion (the "Motion") dated January 7, 2013 by Peoples Federal Savings Bank successor-by-merger to Brookline Co-operative Bank (the "Bank") to Approve Stipulation Between Edward F. Amendola, Sr. (the "Debtor") and the Bank, seeking entry of an Order approving the stipulation (the "Stipulation") entered into between the Debtor and the Bank regarding the Debtor's payment of the post-petition arrearages owing to the Bank, and the Court finding that the Motion is in the best interest of the estate; and notice given of the Motion as set forth in the Certificate of Service and filed with the Court is sufficient; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1. The Motion is allowed; and

2. The Stipulation is approved.

Dated: _____, 2013

_____
Honorable Joan N. Feeney
United States Bankruptcy Judge

{Practice Areas/CORP/22503/00004/A2182342.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>EDWARD F. AMENDOLA, SR.,<br><br>Debtor. | Chapter 13<br>Case No. 12-17293-JNF |

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2013, I caused a copy of the following document to be served upon each party noted on the attached Service List by First-Class United States mail, postage pre-paid, or as otherwise noted on the attached Service List:

**Motion by Peoples Federal Savings Bank to Approve Stipulation Between Edward F. Amendola, Sr. and Peoples Federal Savings Bank, with proposed Order.**

/s/ Kate P. Foley
Kate P. Foley, BBO #682548
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: kfoley@mirickoconnell.com
Email: bankrupt@mirickoconnell.com

Dated: January 7, 2013

# SERVICE LIST

**Edward F. Amendola, Sr., Debtor**
Chapter 13, Case No. 12-17293-JNF

| | | |
|---|---|---|
| John Fitzgerald<br>Office of U.S. Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Floor, Suite 1000<br>Boston, MA 02109<br>(U.S. Trustee)<br>**VIA ECF** | Internal Revenue Service<br>Special Process Unit<br>P.O. Box 9112<br>Stop 20800<br>Boston, MA 02203<br>(Taxing Authority) | Commonwealth of Massachusetts<br>Department of Revenue<br>Litigation Bureau,<br>Bankruptcy Unit<br>P.O. Box 9564<br>Boston, MA 02114-9564<br>(Taxing Authority) |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101<br>(Taxing Authority) | United States Attorney<br>John Joseph Moakley United States Courthouse<br>One Courthouse Way<br>Suite 9200<br>Boston, MA 02210<br>(U.S. Attorney) | Edward F. Amendola, Sr.<br>208 Turtle Pond Parkway<br>Hyde Park, MA 02136<br>(Debtor) |
| Jennifer F. Amendola<br>208 Turtle Pond Parkway<br>Hyde Park, MA 02136<br>(Non-Debtor Spouse) | Susan Grossberg, Esq.<br>Grossberg Law Offices<br>100 Franklin Street<br>4th Floor<br>Boston, MA 02110<br>(Counsel to Debtor)<br>**VIA ECF** | Carolyn Bankowski<br>Chapter 13 Trustee<br>P.O. Box 8250<br>Boston, MA 02114<br>(Trustee)<br>**VIA ECF** |
| Joshua M. Fox, Esq.<br>Rollins, Rollins & Fox<br>36 Glen Avenue<br>Newton Center, MA 2459<br>(Co-counsel to Peoples Federal Savings Bank)<br>**VIA ECF** | City of Boston<br>Office of the Collector of Taxes<br>City Hall Room M-5<br>Boston, MA 02201-1020<br>(Schedule D Creditor) | American Profit Recovery<br>34405 W 12 Mile Road, te 379<br>Farmington, MI 48331<br>(Schedule F Creditor) |
| Beta Finance Company, Inc.<br>P.O. Box 660232<br>Indianapolis, MI 46266<br>(Schedule F Creditor) | Boston Childrens Hospital<br>P.O. Box 415286<br>Boston, MA 02241-5286<br>(Schedule F Creditor) | Boston Water & Sewer Commission<br>980 Harrison Avenue<br>Boston, MA 02119-2540<br>(Schedule F Creditor) |

## SERVICE LIST

**Edward F. Amendola, Sr., Debtor**
**Chapter 13, Case No. 12-17293-JNF**

Children's Orthopedic
Surgery Foundation
P.O. Box 414508
Boston, MA 02241-4508
(Schedule F Creditor)

Curry College
1071 Blue Hill Avenue
Milton, MA 02186
(Schedule F Creditor)

First Financial Resources,
Inc.
209 West Central St., Suite 107
Natick, MA 01760-3716
(Schedule F Creditor)

First Source Financial
Solutions
P.O. Box 7609
Nashua, NH 03060-7609
(Schedule F Creditor)

HSBC
P.O. Box 5253
Carol Stream, IL 60197
(Schedule F Creditor)

NCO Financial
P.O. Box 15391
Wilmington, DE 19850
(Schedule F Creditor)

Nstar
1 Nstar Way
Westwood, MA 02090
(Schedule F Creditor)

John Houton, Esq.
Assistant Corporation
Counsel
City of Boston
City Hall Room M-5
One City Hall Square
Boston, MA 02201
(Counsel to Creditor City of Boston Treasury Department)
**VIA ECF**

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

In re:

Edward F. Amendola, Sr.,

    Debtor.

Chapter 13
Case No. 12-17293-JNF

### STIPULATION BETWEEN EDWARD F. AMENDOLA, SR. AND PEOPLES FEDERAL SAVINGS BANK

NOW COME Edward F. Amendola, Sr. (the "Debtor") and Peoples Federal Savings Bank successor-by-merger to Brookline Co-operative Bank (the "Bank"; together with the Debtor, the "Parties") and hereby stipulate and agree as follows:

### RECITALS

A.    WHEREAS, the Debtor and his non-debtor spouse, Jennifer Amendola ("Mrs. Amendola"; together with the Debtor, the "Borrowers"), are obligated to the Bank pursuant to the following documents:

    i.    Adjustable Rate Note dated April 22, 2004 in the original principal amount of $260,000.00 (the "First Note");

    ii.    Mortgage dated April 22, 2004 encumbering the property located at 208 Turtle Pond Parkway, Hyde Park, Massachusetts 02136 (the "Property") to secure payment of the First Note and registered with the Suffolk Registry District of the Land Court as Document No. 679727 (the "First Mortgage");

{Practice Areas/CORP/22503/00004/A2173977.DOCX }

1

      iii.   Note dated August 9, 2005 in the original principal amount of $25,000.00 (the "Second Note"); and

      iv.   Mortgage dated August 9, 2005 encumbering the Property to secure payment of the Second Note and registered with the Suffolk Registry District of the Land Court as Document No. 706122 (the "Second Mortgage").

The foregoing documents, and any documents executed or delivered in connection therewith, are herein collectively referred to as the "Loan Documents." The Bank is the holder of the Loan Documents;

    B.    WHEREAS, on September 4, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

    C.    WHEREAS, on October 9, 2012, the Debtor filed his Chapter 13 Plan (the "Plan"). The Plan provides, among other things, that the Debtor will pay directly to the Bank all post-petition monthly installment payments required by the Loan Documents[1];

    D.    WHEREAS, as of December 12, 2012, the Debtor had failed to make any payments toward the regularly-accruing, post-petition monthly installments required under the Loan Documents, including amounts due as of October 1, 2012, November 1, 2012 and December 1, 2012;

---

[1] The Plan also provides, among other things, that the Debtor will (i) pay the Debtor's pre-petition arrearages owing to the Bank pursuant to the First Note and the First Mortgage which the Debtor estimates in the amount of $48,416.00 and (ii) pay the Debtor's pre-petition arrearages owing to the Bank pursuant to the Second Note and the Second Mortgage which the Debtor estimates in the amount of $8,112.00. On November 14, 2012, the Bank filed an objection to the Plan [Docket No. 21] (the "Objection"), asserting a greater amount of pre-petition arrears owing to the Bank under the Loan Documents than those provided for in the Plan. On November 26, 2012, the Debtor filed a response to the Objection [Docket No. 22]. The Court has scheduled a hearing on the Objection for January 17, 2013.

{Practice Areas/CORP/22503/00004/A2173977.DOCX }

E.  WHEREAS, on December 12, 2012, counsel to the Bank contacted the Debtor's counsel in order to: (i) inform the Debtor that the Bank intended to file a motion for relief from the automatic stay to exercise the Bank's rights and remedies with respect to the Property and (ii) schedule the mandatory pre-filing conference pursuant to MLBR Appendix 1, Rule 13-16-1(a); and

F.  WHEREAS, on December 14, 2012, counsel to the Parties conferred (the "Pre-Filing Conference") pursuant to MLBR Appendix 1, Rule 13-16-1(a) by telephone at 3:00 p.m. in order to discuss the Debtor's outstanding post-petition monthly installment payments. Prior to the Pre-Filing Conference, the Debtor made payments toward the post-petition arrears on the First Mortgage and the Second Mortgage in the amounts of $1,708.15 and $280.70, respectively, which the Bank applied to the outstanding amounts due October 1, 2012.

## STIPULATION

NOW THEREFORE, in consideration of the terms and conditions set forth below and other valuable consideration, the receipt and sufficiency of which are acknowledged, the Bank and the Debtor hereby agree and stipulate as follows:

1.  The Debtor acknowledges that the Debtor is in default of the Debtor's obligations under the Loan Documents including, without limitation, the Debtor's failure to timely pay all post-petition monthly installment payments when due under the Loan Documents and as invoiced by the Bank.

2.  The Debtor agrees:

    a.  to pay the Bank the amount of $2,098.17 on or before Wednesday, December 26, 2012, which consists of:

      i. Late Charge Balance Due
for October 2012 Related to
First Note/First Mortgage:      $ 46.24

     ii. Late Charge Balance Due
for October 2012 Related to
Second Note/Second Mortgage:      $ 8.42

    iii. Principal, Interest, Escrow and
Late Charge Balance for November
2012 Related to First Note/First Mortgage:      $1,754.39

    iv. Principal, Interest and Late Charge
Balance for November 2012 Related to
Second Note/Second Mortgage:      $ 289.12

     v. **Total:**      $2,098.17

  b. to pay the Bank the amount of $2,043.51 on or before Monday, January 7, 2013, which consists of:

      i. Principal, Interest, Escrow and
Late Charge Balance for December
2012 Related to First Note/First Mortgage:      $1,754.39

     ii. Principal, Interest and Late Charge
Balance for December 2012 Related to
Second Note/Second Mortgage:      $ 289.12

    iii. **Total:**      $2,043.51

  c. to pay the Bank the post-petition monthly installment payments required under the Loan Documents and as invoiced by the Bank for January 2013, including any late charges assessed for January 2013, on or before Tuesday, January 22, 2013.

  d. to pay the Bank $500.00 in attorneys' fees on or before Tuesday, January 22, 2013, representing a portion of the legal fees and costs incurred by the Bank caused by the Debtor's post-petition defaults and which includes

4

{Practice Areas/CORP/22503/00004/A2173977.DOCX }

preparation of the within Stipulation and Motion to Approve Stipulation and filing and serving same with the Bankruptcy Court.

3. In exchange for the Debtor's compliance with all of the requirements and obligations provided for herein, the Bank agrees to refrain from filing a motion for relief from the automatic stay for a period through and including Tuesday, January 22, 2013.

4. **IN THE EVENT THAT THE DEBTOR FAILS TO COMPLY WITH THIS STIPULATION, THE DEBTOR AGREES THAT UPON A DEFAULT BY THE DEBTOR UNDER THE TERMS OF THIS STIPULATION, INCLUDING, WITHOUT LIMITATION, THE FAILURE OF THE DEBTOR TO CURE THE DEBTOR'S POST-PETITION DEFAULT OF THE DEBTOR'S MONTHLY PAYMENT OBLIGATIONS OWING TO THE BANK AS CONTEMPLATED HEREIN, THE BANK SHALL BE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR "CAUSE" UNDER 11 U.S.C. § 362(d)(1) UPON THE BANK'S FILING OF A MOTION WITH THE BANKRUPTCY COURT SEEKING SUCH RELIEF.**

5. The Parties acknowledge and agree that the execution of this Stipulation is without prejudice to the Bank's right to, at any time, file a motion for relief from the automatic stay, together with an affidavit of noncompliance with this Stipulation disclosing the Debtor's failure to comply with the Stipulation, or otherwise exercise the Bank's rights and remedies under the Loan Documents.

6. Notwithstanding this Stipulation, the Bank reserves the right to proceed to exercise any and all of the Bank's rights and remedies under the Loan Documents and applicable law, including the right to payment of any and all of the Bank's fees, expenses, and costs of

collection incurred. Nothing herein is intended to waive or alter any of the Bank's rights and remedies under the Loan Documents.

7. This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the dates set forth below.

| PEOPLES FEDERAL SAVINGS BANK | EDWARD F. AMENDOLA, SR. Individually |
|---|---|
| By: /s/ James J. Gavin | /s/ |
| Its: Vice President | |
| Dated: 1/4/13 | Dated: 12-27-12 |