UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| **In re:**<br><br>**EDWARD F. AMENDOLA, SR.,**<br><br>**Debtor.** | **Chapter 13**<br>**Case No. 12-17293-JNF** |

### LIMITED OBJECTION BY PEOPLES FEDERAL SAVINGS BANK TO DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN AND RESERVATION OF RIGHTS

NOW COMES Peoples Federal Savings Bank successor-by-merger to Brookline Co-operative Bank (the "Bank"), a secured creditor of Edward F. Amendola, Sr. (the "Debtor"), and hereby objects on a limited basis (the "Limited Objection") to the Debtor's Third Amended Chapter 13 Plan filed November 17, 2014 [Dkt. No. 110] (the "Plan") because the Plan, which contemplates a sale of the Debtor's residence, must (i) accurately account for and provide for full payment of the Bank's secured claims and (ii) comply with 11 U.S.C. §§ 1322(b)(2) and (b)(5). Among other things, the Debtor's Plan currently understates the Bank's secured claims, and, as a result, it appears that the Plan is not confirmable. Further, the Bank fully reserves all rights with respect to the terms of the Debtor's proposed sale of his residence, including, without limitation, the listing price, the proposed purchase price and closing timeline.

As grounds for the Limited Objection, the Bank respectfully states as follows:

### FACTUAL BACKGROUND

1.     The Debtor and his non-debtor spouse, Jennifer Amendola ("Mrs. Amendola"; together with the Debtor, the "Borrowers"), are obligated to the Bank pursuant to the following documents:

{Practice Areas/CORP/22503/00004/A2784595.DOC}

    a.    Adjustable Rate Note dated April 22, 2004 in the original principal amount of $260,000.00 (the "First Note");

    b.    Mortgage dated April 22, 2004 encumbering the property located at 208 Turtle Pond Parkway, Hyde Park, Massachusetts 02136 (the "Property") to secure payment of the First Note and registered with the Suffolk Registry District of the Land Court as Document No. 679727 (the "First Mortgage");

    c.    Note dated August 9, 2005 in the original principal amount of $25,000.00 (the "Second Note"); and

    d.    Mortgage dated August 9, 2005 encumbering the Property to secure payment of the Second Note and registered with the Suffolk Registry District of the Land Court as Document No. 706122 (the "Second Mortgage").

The foregoing documents, and any documents executed or delivered in connection therewith, are herein collectively referred to as the "Loan Documents."

2. On September 4, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. On November 17, 2014, the Debtor filed his Third Amended Chapter 13 Plan (i.e., the Plan). The Plan provides, among other things, that the Debtor will sell the Property and pay secured claims at the sale closing.

4. Also on November 17, 2014, the Debtor filed his Application for Authority to Employ Real Estate Broker (the "Broker Application"), seeking to employ Linda Fidgeon ("Ms.

Fidgeon") of Berkshire Hathaway Home Services Page Realty in connection with the sale of the Property. The Court granted the Broker Application on December 11, 2014. As detailed in the Exclusive Right to Sell Listing Agreement attached to the Broker Application as "Exhibit A", the listing price for the Property is "to be determined". In the event that Ms. Fidgeon locates a buyer for the Property, her broker commission will be 5% of the purchase price.

5.   In the Plan, the Debtor values the recorded liens against the Property at $247,326.00. As described below, the Debtor fails to account for the full amount of the Bank's secured claims in the Plan.

## LIMITED OBJECTION TO THE PLAN

A.   **The Plan Must Fully Account for the Bank's Secured Claims.**

6.   The Bank objects to the Plan because the Plan significantly undervalues and fails to accurately quantify the Bank's secured claims.

7.   As of December 8, 2014, the Debtor is obligated to the Bank on account of the First Note and the First Mortgage in an amount not less than $301,681.32 (the "First Mortgage Payoff")[1]. The First Mortgage Payoff consists of:

| | | |
|---|---|---|
| a. | **Principal:** | **$211,251.11** |
| b. | **Interest:** | **$31,707.84** |
| c. | **Escrow Balance:** | **$8,385.53** |
| d. | **Late Charges:** | **$1,652.92** |
| | (i) **LESS (Partial Ch. 13 Trustee Payment):** | **($112.89)** |
| | **SUBTOTAL:** | **$252,884.51** |

---

[1]   The Bank reserves the right to amend and/or supplement the First Mortgage Payoff amount to include additional fees and charges as may be necessary.

  e. **Legal Fees and Expenses:**[2]

    (i) **Pre-Petition:**[3]              $15,387.23

    (ii) **Post-Petition:**

      A. **FRBP 3002.1 Notice (3/25/2013):**[4]    $3,408.25

      B. **FRBP 3002.1 Notice (7/16/2013):**[5]    $26,096.53

      C. **FRBP 3002.1 Notice (1/10/2014):**[6]    $1,659.00

      D. **FRBP 3002.1 Notice (7/8/2014):**[7]     $689.70

      E. **Incurred 9/9/2014:**          $55.10

      F. **Incurred 11/11/2014:**         $72.00

---

[2] The Loan Documents provide that the Borrowers are obligated to pay the Bank's costs and expenses incurred as a result of the Borrowers' defaults, including reasonable attorneys' fees. See First Note, Sec. 7(E); First Mortgage, Secs. 14, 22; Second Note, Sec. 6(E); Second Mortgage, Secs. 14, 22. A portion of these legal fees and costs may relate to the Second Note and the Second Mortgage.

[3] Pursuant to an Order of this Court dated April 17, 2013 [Dkt. No. 61], the Court approved the Bank's Application for Allowance and Payment of Pre-Petition Legal Fees and Expenses Related to Services Rendered by Rollins, Rollins & Fox, in which the Bank requested allowance and payment of its legal fees in the amount of $10,120.00 and expenses in the amount of $5,267.23, which fees and expenses the Bank incurred from October 1, 2007 through August 17, 2012.

[4] As itemized in the Notice of Post-Petition Mortgage Fees, Expenses and Charges, which the Bank filed on March 25, 2013 pursuant to Rule 3002.1(c) of the Federal Rules of Bankruptcy Procedure ("FRBP 3002.1(c)"), the Bank incurred $3,408.25 in post-petition legal fees and expenses from September 4, 2012 through December 6, 2012 in connection with the enforcement of the First Mortgage and the Second Mortgage. No party timely challenged under FRBP 3002.1(e) the fees, expenses and charges set forth in this Notice.

[5] As itemized in the Notice of Post-Petition Mortgage Fees, Expenses and Charges, which the Bank filed on July 16, 2013 pursuant to FRBP 3002.1(c), the Bank incurred $26,096.53 in post-petition legal fees and expenses from January 22, 2013 through June 18, 2013 in connection with the enforcement of the First Mortgage and the Second Mortgage. No party timely challenged under FRBP 3002.1(e) the fees, expenses and charges set forth in this Notice.

[6] As itemized in the Notice of Post-Petition Mortgage Fees, Expenses and Charges, which the Bank filed on January 10, 2014 pursuant to FRBP 3002.1(c), the Bank incurred $1,659.00 in post-petition legal fees and expenses from July 15, 2013 through October 9, 2013 in connection with the enforcement of the First Mortgage and the Second Mortgage. To date, no party has challenged the fees, expenses and charges set forth in this Notice.

[7] As itemized in the Notice of Post-Petition Mortgage Fees, Expenses and Charges, which the Bank filed on July 8, 2014 pursuant to FRBP 3002.1(c), the Bank incurred $689.70 in post-petition legal fees and expenses from January 9, 2014 through February 10, 2014 in connection with the enforcement of the First Mortgage and the Second Mortgage. To date, no party has challenged the fees, expenses and charges set forth in this Notice.

|   |   |
|---|---|
| G. Incurred 12/7/2014: | $701.00 |
| (iii) Appraisals (Pre-Petition): | $725.00 |
| (iv) Fax Charge: | $3.00 |
| **SUBTOTAL**: | $48,796.81 |
| **TOTAL PAYOFF**: | $301,681.32 |

8.   As of December 8, 2014, the Debtor is obligated to the Bank on account of the Second Note and the Second Mortgage in an amount not less than $15,347.27 (the "Second Mortgage Payoff")[8]. The Second Mortgage Payoff consists of:

|   |   |
|---|---|
| a.   Principal: | $12,131.82 |
| b.   Interest: | $3,155.01 |
| c.   Late Charges: | $336.80 |
| d.   Fax Charge: | $3.00 |
| (i) **LESS** (Partial Ch. 13 Trustee Payment): | $279.36 |
| **TOTAL PAYOFF**: | $15,347.27 |

9.   To be confirmable, the Plan must fully account for the Bank's secured claims stemming from the First Mortgage and the Second Mortgage in the amounts of $301,681.32 and $15,347.27, respectively. Thus, absent the Debtor modifying the Plan to fully account for the Bank's secured claims, confirmation of the Plan must be denied.

**B.   The Debtor Must Make Post-Petition Mortgage Payments to the Bank on a Going-Forward Basis.**

10.   As drafted, the Plan contemplates only the payment of secured claims at the closing of the Debtor's sale of the Property and is silent regarding the Debtor's contractual obligations to make post-petition mortgage payments to the Bank in the ordinary course.

---

[8]   The Bank reserves the right to amend and/or supplement the Second Mortgage Payoff amount to include additional fees and charges as may be necessary.

11. The Debtor's Chapter 13 case has been pending for over 27 months. In that time, the Debtor has made only 21 post-petition payments toward the First Mortgage and the Second Mortgage. As a result, the Debtor is currently six (6) payments behind on his post-petition monthly obligations to the Bank.[9]

12. Notwithstanding the Debtor's intended sale of the Property, the Debtor must continue to pay ongoing, monthly post-petition payments to the Bank on account of the First Mortgage and the Second Mortgage in compliance with Bankruptcy Code § 1322(b)(5), which "provide[s] for the curing of any default . . . and maintenance of payments while the case is pending . . . ." Bankruptcy Code § 1322(b)(5); see In re Bell, 2011 WL 2712755 *1, *3 (D. Mass. 2011).

13. The Debtor is prohibited from modifying the Bank's contractual rights as a secured creditor, and, as such, the Plan must provide for going-forward payments to the Bank until the Bank's secured claims are paid in full. See Bankruptcy Code § 1322(b)(2); see Bell, 2011 WL 2712755 at *3.

14. Notably, it appears that the Property is not yet listed for sale on Ms. Fidgeon's Berkshire Hathaway Home Services Page Realty website.

C. **Under the Plan, the Debtor Must Fully Satisfy the Bank's Secured Claims at Closing.**

15. The Plan, which contemplates the Debtor's sale of the Property, must fully satisfy the Bank's secured claims. See Bankruptcy Code § 1322(b)(2) (prohibiting the modification of claims which are secured by a security interest in the debtor's principal residence) and Bankruptcy Code § 1325(a)(5)(B) ("cram down" requirements with respect to secured claims).

---

[9] The Bank fully reserves all rights with respect to any default of the Debtor pursuant to the Loan Documents.

16. As itemized herein, as of December 8, 2014, the Bank's secured claims total at least $317,028.59, which is comprised of the First Mortgage Payoff in the amount of $301,681.32 and the Second Mortgage Payoff in the amount of $15,347.27.

17. Since the Debtor proposes to sell the Bank's collateral in order to satisfy secured claims, any sale of the Property will require the Bank's express approval. To satisfy the Bank, at a minimum, the sale proceeds (net of the 5% broker's commission and other costs and expenses) must be sufficient to pay the Bank's secured claims in full.

**D.** **Reservation of Rights.**

18. Although the Plan states a fair market value for the Property of $285,000.00, the listing price for the Property is "to be determined". It appears that the $285,000.00 value ascribed to the Property in the Plan may be discounted less than the actual fair market value.

19. At this time, the Bank is without adequate information to assess the terms of the Debtor's proposed sale of the Property and the feasibility of the Plan. As a result, the Bank fully reserves all rights with respect to the Debtor's proposed sale of the Property, including, without limitation, the listing price, the proposed purchase price and closing timeline.

20. The Bank also reserves the right to raise additional objections to confirmation of the Plan, or to any amended Chapter 13 plan.

WHEREFORE, the Bank respectfully requests that this Court enter an Order:

    a. Sustaining the Limited Objection related to the Debtor's failure to include in the Plan the full extent of the Bank's secured claims, comprised of the First Mortgage Payoff and the Second Mortgage Payoff;

    b. Denying confirmation of the Plan;

    c. Requiring and directing the Debtor to amend the Plan to provide for

    the full extent of the Bank's secured claims and proper treatment of the Bank's secured claims;

d.  Reserving the Bank's rights regarding the Debtor's proposed sale of the Property; and

e.  Granting the Bank such other and further relief as is just.

            Respectfully submitted,

            **PEOPLES FEDERAL SAVINGS BANK**

            By its counsel,


             /s/ Kate P. Foley
            Christine E. Devine, BBO #566990
            Kate P. Foley, BBO #682548
            Mirick, O'Connell, DeMallie & Lougee, LLP
            1800 Front Street
            Westborough, MA  01581
            Phone: (508) 898.1501
            Fax: (508) 898.1502
            Email: cdevine@mirickoconnell.com
            Email: kfoley@mirickoconnell.com

            - and -

            Joshua M. Fox, BBO #636237
            Rollins, Rollins & Fox
            36 Glen Avenue
            Newton Center, MA 02459
            Phone: (617) 969.7555
            Fax: (781) 489.1039
            Email: jfox@rrf-law.com

Dated: December 17, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| **In re:**<br><br>**EDWARD F. AMENDOLA, SR.,**<br><br>Debtor. | **Chapter 13**<br>**Case No. 12-17293-JNF** |

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I caused a copy of the following document to be served upon each party noted on the attached Service List by First-Class United States mail, postage prepaid, or as otherwise noted on the Service List:

**Limited Objection by Peoples Federal Savings Bank to Debtor's Third Amended Chapter 13 Plan and Reservation of Rights.**

Dated: December 17, 2014

/s/ Kate P. Foley
Kate P. Foley, BBO #682548
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: kfoley@mirickoconnell.com

{Practice Areas/CORP/22503/00004/A2784601.DOC}

**SERVICE LIST**

**Edward F. Amendola, Sr., Debtor**
**Chapter 13, Case No. 12-17293-JNF**

| | | |
|---|---|---|
| John Fitzgerald<br>Office of U.S. Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Floor, Suite 1000<br>Boston, MA 02109<br>(U.S. Trustee)<br>**VIA ECF** | Internal Revenue Service<br>Special Process Unit<br>P.O. Box 9112<br>Stop 20800<br>Boston, MA 02203<br>(Taxing Authority) | Commonwealth of Massachusetts<br>Department of Revenue<br>Litigation Bureau,<br>Bankruptcy Unit<br>P.O. Box 9564<br>Boston, MA 02114-9564<br>(Taxing Authority) |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101<br>(Taxing Authority) | United States Attorney<br>John Joseph Moakley United States Courthouse<br>One Courthouse Way<br>Suite 9200<br>Boston, MA 02210<br>(U.S. Attorney) | Edward F. Amendola, Sr.<br>208 Turtle Pond Parkway<br>Hyde Park, MA 02136<br>(Debtor) |
| Jennifer M. Amendola<br>208 Turtle Pond Parkway<br>Hyde Park, MA 02136<br>(Non-Debtor Spouse) | Leslie F. Su, Esq.<br>Minerva Law, P.C.<br>300 Brickstone Square<br>Suite 201<br>Andover, MA 01810<br>(Counsel to Debtor)<br>**VIA ECF** | Carolyn Bankowski<br>Chapter 13 Trustee<br>P.O. Box 8250<br>Boston, MA 02114<br>(Chapter 13 Trustee)<br>**VIA ECF** |
| Joshua M. Fox, Esq.<br>Rollins, Rollins & Fox<br>36 Glen Avenue<br>Newton Center, MA 2459<br>(Co-counsel to Peoples Federal Savings Bank)<br>**VIA ECF** | City of Boston<br>Office of the Collector of Taxes<br>City Hall Room M-5<br>Boston, MA 02201-1020<br>(Schedule D Creditor) | American Profit Recovery<br>34405 W 12 Mile Road, te 379<br>Farmington, MI 48331<br>(Schedule F Creditor) |
| Beta Finance Company, Inc.<br>P.O. Box 660232<br>Indianapolis, MI 46266<br>(Schedule F Creditor) | Boston Childrens Hospital<br>P.O. Box 415286<br>Boston, MA 02241-5286<br>(Schedule F Creditor) | Boston Water & Sewer Commission<br>980 Harrison Avenue<br>Boston, MA 02119-2540<br>(Schedule F Creditor) |

## SERVICE LIST

**Edward F. Amendola, Sr., Debtor**
**Chapter 13, Case No. 12-17293-JNF**

| | | |
|---|---|---|
| Children's Orthopedic Surgery Foundation<br>P.O. Box 414508<br>Boston, MA 02241-4508<br>(Schedule F Creditor) | Curry College<br>1071 Blue Hill Avenue<br>Milton, MA 02186<br>(Schedule F Creditor) | First Financial Resources, Inc.<br>209 West Central St., Suite 107<br>Natick, MA 01760-3716<br>(Schedule F Creditor) |
| First Source Financial Solutions<br>P.O. Box 7609<br>Nashua, NH 03060-7609<br>(Schedule F Creditor) | HSBC<br>P.O. Box 5253<br>Carol Stream, IL 60197<br>(Schedule F Creditor) | NCO Financial<br>P.O. Box 15391<br>Wilmington, DE 19850<br>(Schedule F Creditor) |
| Nstar<br>1 Nstar Way<br>Westwood, MA 02090<br>(Schedule F Creditor) | John Houton, Esq.<br>Assistant Corporation Counsel<br>City of Boston<br>City Hall Room M-5<br>One City Hall Square<br>Boston, MA 02201<br>(Counsel to Creditor City of Boston Treasury Department)<br>**VIA ECF** | |

3