UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| EDWARD F. AMENDOLA, SR. | ) | Case No.12-17293 (JNF) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF REAL ESTATE LOCATED AT 208 TURTLE POND PARKWAY, HYDE PARK, MASSACHUSETTS, BY WAY OF PRIVATE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES AND REQUEST TO WAIVE APPEAL PERIOD**

(EXPEDITED DETERMINATION REQUESTED ON OR BEFORE MARCH 26, 2015)

Edward F. Amendola, Sr., the debtor in the above-captioned chapter 13 proceeding, hereby moves this Court pursuant to 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 6004 and MLBR Rule 6004-1, for authority to sell the real property located at 208 Turtle Pond Parkway, Hyde Park, Massachusetts (the "Property") by way of private sale. In support of this Motion, the Debtor states the following:

Facts

1.      On September 4, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor and his wife, Jennifer Amendola, are the owners of a single-family residence located at 208 Turtle Pond Parkway, Hyde Park, Massachusetts, which they occupied as their primary residence.

3.      On November 17, 2014, the Debtor filed his Third Amended Chapter 13 Plan (the "Third Amended Plan") which provides for the sale of the Property and payment of claims secured by the Property at the sale closing. The Debtor also filed an application to employ Linda

Fidgeon of Berkshire Hathaway HomeServices Page Realty, as the real estate broker for the Property.

4. On December 17, 2014, Peoples Federal Savings Bank (the "Bank"),[1] filed a limited objection to the Third Amended Plan. In the limited objection, the Bank did not specifically object to the sale of the Property, but rather, it objected on the grounds that the Debtor failed to account for the full amount of the Bank's secured claims and on the grounds that the Debtor was not making post-petition mortgage payments.

5. The Debtor and his wife have found a buyer for the Property and the Bank has approved the terms of the sale. The details of the proposed sale are set forth in the paragraphs below.

Request for Expedited Treatment

6. The Debtor requests that the Court treat this Motion on an expedited basis in order to retain the proposed buyers. According to the Purchase and Sale Agreement, as extended, the sale must close by March 27, 2015. In addition, this is a short sale and, as a condition of the Bank's acceptance of the short sale purchase price, the sale must close by March 30, 2015.

7. The Debtor also requests a waiver of the fourteen (14) day appeal period set forth in Bankruptcy Rule 6004(h) in order to allow the sale to close on March 27, 2015.

8. An expedited determination not later than March 26, 2015 and an Order approving the waiver of the appeal period is in the best interests of the parties.

---

[1] Rockland Trust Company has since become the successor by merger to Peoples Federal Savings Bank.

The Proposed Sale

9. On or about February 2, 2015, the Debtor and his wife executed a Purchase and Sale Agreement for the sale of the Property. A copy of the Purchase and Sale Agreement is attached hereto as Exhibit A.

10. The Debtor and his wife seek to sell the Property to the proposed buyers for the purchase price of $312,000.00. The Debtor believes that the proposed purchase price for the Property is fair and reasonable given the market conditions and the physical condition of the Property. The Debtor received two (2) offers to purchase the Property and the Debtor accepted the higher offer.

11. The Bank holds two notes secured by first and second mortgages on the Property. According to the Bank's records, as of December 8, 2014, the amount outstanding on the first mortgage is $252,884.51, plus $48,796.81 for legal fees and expenses, and the amount outstanding on the second mortgage is $15,347.27. The total amount owed to the Bank as of December 8, 2014 is $317,028.59.

12. The proposed sale is a short sale as the amount owed to the Bank exceeds the proposed purchase price. The Bank will receive not less than $293,500.00 of the sale proceeds and it has agreed to forgive the deficiency.

13. From the sale proceeds, the Debtor also proposes pay $323.37 on account of a City of Boston water and sewer lien.

14. The Debtor also proposes to pay the broker's commission from the sale proceeds. Pursuant to the listing agreement, the broker's commission is 5% of the purchase price or $15,600.00.

15. There are also obligations which are incident to the closing which shall be paid from the sale proceeds. The Debtor estimates additional closing costs of approximately $3,000.00 for taxes, recording fees, and other incidental charges.

16. After payment of the secured claims, the broker's commission, and incidental costs, the Debtor and his wife will not receive any funds.

17. The Debtor desires to sell the Property to the proposed buyers unless a higher and better offer is received. Upon this Court's issuance of an expedited counteroffer/objection deadline and a hearing date, the Debtor will serve the Notice of Intended Private Sale of the Property upon all parties who are required by the Bankruptcy Rules to be served with a notice of sale.

## Marketing Efforts

18. The Property has been extensively marketed by the Debtor's real estate broker, Ms. Fidgeon. Ms. Fidgeon developed a detailed multimedia marketing plan which consisted of internet listings, advertisements in local papers, and targeted mailings to local and regional realtors. Ms. Fidgeon also contacted and conducted tours for local brokers and agents. Ms. Fidgeon also held an open house, which over twenty (20) parties attended, and she conducted fifteen (15) private showings. Throughout the marketing process, Ms. Fidgeon actively solicited input from potential buyers and she was in constant communication with the Debtor and Debtor's counsel.

19. The Debtor believes that the proposed private sale will generate a higher sale price than would a sale at a future date. There are no assurances that any subsequent buyer would propose to purchase the Property for more than the current proposed purchase price.

20. The Debtor and his wife do not have any connections with the proposed buyers. The proposed buyers learned of the sale through their real estate broker.

Notice

21. A proposed Notice of Sale is attached hereto as <u>Exhibit B</u>.

22. This Motion will be served upon the United States Trustee, the Chapter 13 Trustee, any known creditor claiming a lien or security interest in the Property and any counsel to that creditor, and all attorneys who have filed appearances in this case. The Notice of Sale shall be served upon the foregoing entities, all of the Debtor's creditors, and potential purchasers.

Wherefore, the Debtor prays that the Court enter an Order:

a) approving the attached form of Notice of Sale;

b) granting this Motion to Sell the Property free and clear of all liens, claims, and encumbrances and authorizing the proposed distribution of proceeds;

c) approving the waiver of the appeal period; and

d) for such other and further relief as is just.

EDWARD F. AMENDOLA, SR.,
By his attorney,

/s/ Leslie F. Su
Leslie F. Su (BBO No. 641833)
Minerva Law, P.C.
300 Brickstone Square, Suite 201
Andover, Massachusetts 01810
(978) 494-4695
Dated: March 17, 2015            email: Leslie.su@minervalawpc.com