UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>    EDWARD F. AMENDOLA, SR.<br><br>Debtor. | Chapter 13<br>Case No.12-17293 (JNF) |

## ORDER

On March 26, 2015, this matter came before the Court on the Debtor's Motion for Order Authorizing and Approving Sale of Real Estate Located at 208 Turtle Pond Parkway, Hyde Park, Massachusetts, by Way of Private Sale Free and Clear of All Liens, Claims, and Encumbrances and Request to Waive Appeal Period (the "Sale Motion"). The Sale Motion and the Notice of Intended Sale having been served by electronic or regular mail upon the United States Trustee, the Chapter 13 Trustee and all known creditors and interested parties of the Debtor; and this Court having scheduled a hearing on the Motion to Sell; and notice having been provided; and no higher offers or objections to the Sale Motion having been received; and the Court otherwise having been duly informed of the material facts related to the sale and the relief requested in the Sale Motion, hereby makes the following findings:

FOUND that the notice of the sale and notice of hearing date as set forth in the Certificate of Service dated March 20, 2015, was duly provided to the United States Trustee, the Chapter 13 Trustee, and all known creditors and interested parties of the Debtor, and is sufficient under the circumstances for the purposes of Fed. R. Bankr. P. 6004(a) and (c) and that no other or further notice is necessary;

FOUND, that the proposed buyers, Jill Neblett and Gregory Colby are good faith purchasers pursuant to 11 U.S.C. § 363;

Now, therefore, it is hereby ORDERED as follows:

1. The Debtor's Sale Motion is granted and the Debtor is authorized to sell the real property located at 208 Turtle Pond Parkway, Hyde Park, Massachusetts (the "Property") for $312,000.00 to Jill Neblett and Gregory Colby in accordance with the terms and conditions set forth in the Sale Motion and the Purchase and Sale Agreement attached thereto and the Debtor is authorized to execute all documents necessary to consummate the sale;

2. The sale of the Property shall be free and clear of all liens, claims, encumbrances and interests of any parties as the first and second mortgage holder consents to the sale of the Property, and any water and sewer lien will be paid out of the sale proceeds;

3. The Debtor is authorized to pay directly from the sale proceeds: the secured mortgage claims, the real estate broker's commission, all costs of closing including fees due and owing for real estate taxes, water and sewer, and any other charges, expenses, and costs related to closing including government recording and transfer charges, including, but not limited to, the following:

    i. Payment of at least $293,500.00 to Rockland Trust Company, successor by merger to Peoples Federal Savings Bank, on account of its secured mortgage claims, which amount, as agreed upon by the Debtor and Rockland Trust Company, the closing attorney shall pay to Rockland Trust Company at or by the next business day following the closing of the sale authorized herein; and

    ii. Payment of the broker's commission in the amount of $15,600.00.

2

4. The fourteen-day stay period as set forth in Federal Rule of Bankruptcy Procedure 6004(h) shall not apply in order to allow the Debtor to close upon the sale forthwith.

Dated: March 26, 2015

Joan N. Feeney
United States Bankruptcy Judge